1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11    RANKBIRSINGH RANKBIRSINGH,      Case No. 5:26-cv-00907-FLA (PVC)

12                    Petitioner,
                                      **ORDER SETTING BRIEFING**
13              v.                    **SCHEDULE FOR RESPONSE TO**
                                      **PETITIONER'S MOTION FOR**
14                                    **TEMPORARY RESTRAINING**
      THOMAS P. GILES, *et al.*,      **ORDER [DKT. 2]**
15
                      Respondents.
16

17

18          On February 25, 2026, Petitioner Rankbirsingh Rankbirsingh ("Petitioner")

19    filed a Motion for Temporary Restraining Order ("Motion") requesting an order:

20    (1) for his immediate release from Respondents' custody pending the completion of

21    these proceedings, without requiring bond or electronic monitoring, and (2) enjoining

22    Respondents from removing him from the United States during the pendency of these

23    proceedings.  Dkt. 2 at 1–2.

24          Petitioner did not notice a hearing on the Motion or comply with the

25    requirements of Local Rules 7-19 & 7-19.1, if he intended to bring this matter as an *ex*

26    *parte* application.  Nevertheless, the court will exercise its discretion to set a briefing

27    schedule on the Motion.  Petitioner is advised that the court expects the parties to

28    comply fully with all statutory requirements, court rules, and court orders, and that

                                        1

1    failure to so comply may result in the striking or denial of motions and other filings.

2       Respondents' response to the Motion shall be filed on or before March 6, 2026.

3    *See* Local Civil Rule App. C(2).  Petitioner's deadline to file a reply shall be March

4    13, 2026.  The Motion shall be taken under submission as of March 13, 2026, and the

5    court will set the matter for hearing if the court deems one necessary or appropriate.

6    *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

7       To preserve the court's jurisdiction pending a ruling in this matter, it is

8    **ORDERED** that Petitioner shall not be removed from the United States unless and

9    until this court orders otherwise.  *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631,

10    634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal

11    courts to issue writs of mandamus necessary to protect their prospective

12    jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If

13    a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28

14    U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines

15    whether it has jurisdiction.").

16       Further, given Petitioner's interest in participating in further proceedings before

17    this court and maintaining adequate access to legal counsel throughout the duration of

18    these proceedings, it is **ORDERED** that Petitioner shall not be transferred outside this

19    District absent further order from this court.  *See United States v. United Mine*

20    *Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power

21    to preserve existing conditions while it was determining its own authority to grant

22    injunctive relief").

23

24       IT IS SO ORDERED.

25

26    Dated: February 27, 2026

27                  FERNANDO L. AENLLE-ROCHA
                    United States District Judge

28